

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GWEN BERGMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-061-A |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion of defendant, United States of America, to dismiss all claims of plaintiff, Gwen Bergman, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff filed in response a document titled "Motion To: Support Plaintiff Request for Damages and Compensation Upon Government Employees Medical Indifference With First, Fifth, Sixth, Eighth and Fourteenth Constitutional Guaranteed Amendment Violations." Having considered the motion, plaintiff's response, and applicable legal authorities, the court concludes that the motion to dismiss should be granted because the court lacks jurisdiction to entertain this action.

I.

Background: Plaintiff's Claims and
Grounds of the Government's Motion

Plaintiff was incarcerated at the Federal Correctional Institution in Dublin, California ("FCI-Dublin"), beginning February 10, 2005. During her incarceration Dr. Jupina ("Jupina"), a contract orthopedic specialist, evaluated plaintiff and recommended surgical excision of a mass on her foot, which he performed on August 26, 2005. Jupina ordered no physical therapy for plaintiff following the surgery.

Jupina also performed a bunionectomy on plaintiff in December 2005, and on January 31, 2006, he recommended corrective surgery on plaintiff's left second toe. However, the Utilization Review Committee at FCI-Dublin determined the corrective surgery on the left second toe was not medically necessary.

Plaintiff was transferred to the Federal Medical Center-Carswell ("FMC-Carswell") on June 19, 2006. While at FMC-Carswell plaintiff was evaluated by another contract podiatrist, Dr. Motley ("Motley"), who recommended treatment of her left second toe hammertoe deformity with a splint and extra padding.[1]

---

[1] From August 28, 2006, through June 18, 2008, plaintiff was released from FMC-Carswell on multiple occasions pursuant to federal writs of habeas corpus, and after each release, was subsequently readmitted. The reasons for plaintiff's release and readmittance are not before the court.

Motley reevaluated plaintiff on October 14, 2008, and recommend surgery to correct the left second hammertoe deformity. On November 19, 2008, plaintiff underwent the recommended surgery, where the contract surgeon inserted hardware, including screws and a "Kirschner wire," into her left foot. Def.'s App. at 2, 13-14.

On December 12, 2007, plaintiff filed a "Claim for Damage, Injury or Death" complaining that FCI-Dublin denied her appropriate medical care after her foot surgery, including failing to perform the additional surgery Jupina recommended, causing her deformity and pain. On June 6, 2008, the Bureau of Prisons denied plaintiff's December 12, 2007, claim.

On January 22, 2009, plaintiff filed her initial handwritten complaint in this court, naming as defendants Elaine Chapman, Warden, FMC-Carswell, Kevin McNeary, Tiffany Moore, Saquita Frazier, and Linda Coleman, each identified as an employee of FMC-Carswell. On January 26, 2009, the United States Magistrate Judge ordered plaintiff to refile her complaint on the proper form. In response, plaintiff filed on March 27, 2009, a complaint on a form titled "Form To Be Used By A Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," naming the same defendants as in her January 22, 2009, document.

On June 30, 2009, the court, construing plaintiff's complaint as one arising under the Federal Tort Claims Act ("FTCA") for alleged lack of proper medical care, dismissed the individual defendants and substituted United States of America as the proper defendant.[2]

The government now files its motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II.

### Analysis

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case is properly dismissed when the court "lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998) (citations omitted). If one of the parties challenges the court's jurisdiction, the court has broad power to weigh the evidence and satisfy itself that it has jurisdiction to hear the case. Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981). When a defendant challenges the plaintiff's jurisdictional allegations, the plaintiff bears the burden to

---

[2] Plaintiff's claims against the individual defendants were related to the filing of grievances and lack of access to courts.

4

prove that subject matter jurisdiction exists. <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001); <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d 507, 511 (5th Cir. 1980).

Under the FTCA,

> [a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). A plaintiff's failure to present an administrative claim to the appropriate agency is a defect that deprives the district court of subject matter jurisdiction over the case. <u>Gregory v. Mitchell</u>, 634 F.2d 199, 203-204 (5th Cir. 1981) (citing <u>Molinar v. United States</u>, 515 F.2d 246 (5th Cir. 1975)). The requirement of exhaustion of administrative review prior to filing suit can be neither waived nor cured by administrative exhaustion after suit has been filed. <u>Id.</u>; <u>Price v. United States</u>, 69 F.3d 46, 54 (5th Cir. 1995).

Here, the initial complaint filed by plaintiff on January 22, 2009, does not clearly state any cause of action. In considering the amended complaint filed March 27, 2009, the court is still unable to clearly discern the exact nature of plaintiff's claims, although it appears to complain of a lack of medical care following her November 19, 2008, surgery. The

majority of the complaint seems to relate to complaints concerning the Bureau of Prisons's grievance process, which claims the court dismissed on June 30, 2009, as frivolous and for failure to state a constitutional violation. To the extent plaintiff attempts to bring a claim under the FTCA for lack of medical care after the November 19, 2008, surgery, there is no record that plaintiff presented an administrative claim to the Bureau of Prisons as required by the FTCA prior to filing suit. Although plaintiff attached to her response documents which appear to be grievances filed with the Bureau of Prisons, they are dated after the filing of her January 22, 2009, complaint and cannot be considered as fulfilling the requirements of the FTCA. It thus appears that plaintiff has failed to exhaust administrative review as to the November 19, 2008, surgery.

The January 22, 2009, complaint and March 27, 2009, amended complaint do not appear to complain of plaintiff's initial foot surgery at FCI-Dublin. To pursue a claim against United States under the FTCA, the claimant must file suit within six months of the government's denial of his or her administrative claim. 28 U.S.C. § 2401(b); see Houston v. United States Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987). The FTCA's limitations periods are jurisdictional and may not be waived or tolled. Houston, 823

F.2d at 902. The Bureau of Prisons denied plaintiff's administrative claim as to the surgery at FCI-Dublin on June 6, 2008, and plaintiff was required to file a complaint as to the FCI-Dublin surgery no later than December 6, 2008. She failed to do so and is now barred from filing suit as to that claim.

Plaintiff has failed to establish that she exhausted administrative review pursuant to the FTCA as to the November 19, 2008 surgery at FMC-Carswell or any lack of appropriate medical care thereafter. Accordingly, the court is without jurisdiction to consider plaintiff's claims.

### III.

### Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff, Gwen Bergman, in the above-captioned action against defendant, United States, be, and are hereby, dismissed for lack of subject matter jurisdiction.

SIGNED February 23, 2010.

JOHN McBRYDE
United States District Judge

7